UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON HARRIS JR, | ) |
|           Plaintiff, | ) |
|           v. | ) No. 1:22-cv-01959-SEB-MG |
| MEGAN SOMMER,<br>ALEXANDER KOENIG,<br>I MANSON, | ) |
|           Defendants. | ) |

**Order Granting Motion to Appoint Counsel and Voluntarily Dismiss Claim and Denying Motion for Summary Judgment**

Plaintiff Byron Harris filed this civil rights action alleging that he was subjected to excessive force by Officer Sommer, and Officers Koenig and Manson failed to intervene to protect him. Defendants filed a motion for summary judgment. Dkt. 36. A cursory review of the motion revealed that summary judgment was inappropriate as to claims against Officers Sommer and Koenig. Dkt. 43. Accordingly, the Court concluded that claims against them would be resolved at settlement or trial. *Id.* at 2−3. The Court provided Mr. Harris time to respond to the claims against Officer Manson, or voluntarily dismiss them, and to request counsel. *Id.* at 3−4. Mr. Harris has responded, moving for the appointment of counsel and to dismiss claims against Mr. Manson. Dkt. 44. That motion, dkt. [44] is **granted**, and all claims against Officer Manson are hereby **dismissed with prejudice**. The Court proceeds to formally resolve the motion for summary judgment.

### I.     Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

## II. Relevant Facts

The Court previously discussed the factual dispute in this matter. Dkt. 43 at 1–2. Defendants' version of the facts was that Officer Koenig, Officer Sommers, and Mr. Harris were engaging in playful banter, and that at one point Mr. Harris "playfully pretended to swing" at Officer Sommers when she entered his cell, but she used no force against him at all. Dkt. 38 at 2–3. But in Mr. Harris' deposition testimony, he testified that Officer Koenig told Mr. Harris that he was going to "beat [his] ass," had a "pretty aggressive" demeanor, and removed his pepper spray from his holster before asking Officer Manson to open Mr. Harris' cell door. Dkt. 37-1 at 21, 23–24. When Officer Manson opened the door, Officer Sommers entered the cell, approached Mr. Harris, and kicked and punched him as Officer Koenig laughed and called him a derogatory name. *Id.* at 27–32.

## III. Discussion

The Eighth Amendment protects inmates from cruel and unusual punishment, including excessive force by prison officials. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019).  This rule does not bar de minimis force unless the force is "of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (per curiam) (cleaned up). Even if the force applied is not de minimis, it remains permissible if used "in a good-faith effort to maintain or restore discipline." *McCottrell*, 933 F.3d at 664 (cleaned up).  But malicious or sadistic

force—even if it does not cause a serious injury—is prohibited. *Id.* To distinguish between good-faith and malicious force, courts consider a number of factors, including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Id.* at 663; *see also Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Mr. Harris' deposition testimony creates a material issue of fact as to all of the factors. As the Court previously concluded, counsel should not have moved for summary judgment in Officer Sommers' and Officer Koenig's favor. Dkt. 43 at 3 (citing Fed. R. Civ. P. 11(b)).

Accordingly, the motion for summary judgment, dkt. [36], is **denied** as to the claims against these two officers, and it is **denied as moot** as to claims against Officer Manson in light of Mr. Harris' dismissal of the claims against him.

### IV.     Conclusion

Mr. Harris' motion to appoint counsel and voluntarily dismiss claim, dkt. [44], is **granted**. The Court will begin the process of recruiting counsel to assist Mr. Harris through final judgment. All claims against Officer Manson are **dismissed with prejudice**. No final partial judgment shall issue. The clerk is directed to terminate Officer Manson as a defendant on the docket.

The motion for summary judgment, dkt. [36], is **denied**. The magistrate judge is requested to set this matter for a telephonic status conference once recruited counsel has appeared.

**IT IS SO ORDERED.**

Date: 12/19/2023

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BYRON HARRIS JR
277030
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

Magistrate Judge Mario Garcia